Morgan v. Oates

WHIT MORGAN v. B. H. OATES, JR. AND WIFE, DONNA K. OATES

No. 803SC1137

(Filed 1 September 1981)

1. **Brokers and Factors § 5.1; Evidence § 33— real estate commission—evidence not hearsay**

    In an action by plaintiff to recover a real estate commission allegedly owed him by defendants, the trial court did not err in admitting testimony by a witness that he and his wife were ready, willing, and able to purchase the property in question, since all the evidence showed that the witness had negotiated for the property and intended to put it in his wife's name, and such evidence was competent to show that plaintiff had produced a buyer ready, willing, and able to purchase the property; moreover, by letting the witness testify that he and his wife were ready, willing, and able to purchase the property, the court did not allow the witness to express an opinion on the question which was for the jury to decide, nor did the court allow improper hearsay testimony by allowing the witness to testify as to his wife's willingness and readiness to purchase.

2. **Brokers and Factors § 5.1— real estate commission—sufficiency of evidence**

    In plaintiff's action to recover a real estate commission allegedly owed him by defendants, evidence was sufficient to be submitted to the jury where the testimony of plaintiff was specific that defendant agreed to pay him a ten percent commission if he could sell the property in question on certain terms, and if plaintiff produced a buyer before the termination of the agency contract who agreed to buy on the terms specified by defendant.

APPEAL by defendant B. H. Oates, Jr. from *Rouse, Judge.* Judgment entered 22 July 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 25 May 1981.

Plaintiff instituted this action to recover a commission he alleges was owed to him by the defendants. At the trial, the plaintiff testified he contacted Mr. Oates on 14 July 1978 in regard to a tract of land owned by Mr. Oates. He testified as to his conversation as follows:

"In general I said, B. H. I understand that the tax office shows that you own a piece of property in Havelock on the corner of Shephard Street and U.S. 70 East. I have a client that is looking for something in that area. Would you be interested in selling? And he says, yes, if the price is right. And I asked him, well, what price did he have in mind? And he said, $250.00 a front foot and I expressed to Mr. Oates

that the real estate fee on raw land and commercial is normally 10% and would he be willing to pay 10%, and Mr. Oates' words were, he said, you get me $250 a front foot and I will pay you 10%. Mr. Oates at that time offered terms. The price of the property is $128,750.00 and this was arrived at by 515 road front feet times $250.00. Mr. Oates advised me get me $28,750.00 down prior to closing sometime between now and the 31st of this year, which would be 1978, and I will take the remaining two annual payments, $50,000 per year plus 9% interest on the unpaid balance, with a purchase money deed of trust and note to secure it and we have got a deal."

It was not to be an exclusive listing. The plaintiff testified that pursuant to his conversation with B. H. Oates, Jr., he got Mr. W. T. Williams to sign a contract to purchase the property according to the terms specified by Mr. Oates. He called Mr. Oates on 21 July 1978 and read the contract to him at which time Mr. Oates said: "[T]hat's exactly what I wanted." The contract which Mr. Williams signed showed the property would be put in the name of his wife Virginia Williams. On 24 July 1978, Mr. Oates told the plaintiff he had sold the property to someone other than Mr. or Mrs. Williams. Mr. Williams testified over objection that he was ready, willing, and able to buy the property at the time he signed the contract and remained so through 24 July 1978. He also testified over objection that he and his wife were ready, willing, and able to buy the property at that time.

The court directed a verdict in favor of the defendant Donna K. Oates. The jury answered the issues favorably to the plaintiff and awarded damages in the amount of $12,875.00. The defendant B. H. Oates, Jr. appealed from a judgment on the jury verdict.

*Sumrell, Sugg, Carmichael and Martin, by James R. Sugg, Fred M. Carmichael and Rudolph A. Ashton, III, for plaintiff appellee.*

*Beaman, Kellum, Mills, Kafer and Stallings, by James C. Mills and George M. Jennings, for defendant appellant.*

WEBB, Judge.

[1] The defendant assigns as error the testimony of W. T. Williams that he was ready, willing, and able to purchase the

property and Mr. Williams' testimony that he and his wife were ready, willing, and able to purchase the property. He argues as to the testimony that W. T. Williams was ready, willing, and able to purchase the property that the evidence showed that the contract the plaintiff read over the telephone to B. H. Oates showed Virginia Williams as the purchaser. For this reason, the plaintiff had not produced W. T. Williams as a purchaser of the property at the time the agency was revoked, and his testimony as to being ready, willing, and able to purchase was not competent. He argues that Mr. Williams' testimony that Mrs. Williams was ready, willing, and able to purchase the property had to be based on hearsay testimony because the only way he would know she was ready and willing to buy the property would be based on what she told him. We believe this testimony of Mr. Williams was properly admitted. The plaintiff's action is based on the breach of an agency contract in which he contended that he was given the non-exclusive right to sell property for the defendants for a commission and that he produced a purchaser ready, willing, and able to purchase the property before the defendant revoked the contract. *See White v. Pleasants,* 225 N.C. 760, 36 S.E. 2d 227 (1945). All the evidence showed that Mr. Williams had negotiated for the property and intended to put it in his wife's name. The gravamen of the plaintiff's claim is that the defendant refused to pay the commission after he had produced a buyer. This is not an action for breach of contract to sell the property. We believe the testimony as to Mr. Williams' agreement to buy the property and put it in his wife's name was competent to show the plaintiff had produced a buyer ready, willing, and able to purchase the property. The form of the contract should not control the admission of this evidence.

We do not believe Mr. Williams' testimony as to his wife's willingness and readiness to purchase should have been excluded as hearsay. In the context of this case we believe Mr. Williams meant that he was confident he could get his wife to put the property in her name and if she did not, he would put it in his own name.

The defendant also argues that by letting Mr. Williams testify that he and his wife were ready, willing, and able to purchase the property, the court allowed the witness to express an opinion on the very question that was for the jury to decide. *See*

1 Stansbury's N.C. Evidence § 126 (Brandis rev. 1973) for opinion testimony that invades the province of the jury. We do not discuss the question of whether this testimony allowed the witness to express an opinion on the question the jury was to decide because we do not believe it was opinion testimony. Mr. Williams was stating a fact when he said he and his wife were ready, willing, and able to purchase the property. It may have been his conclusion based on other facts which he did not state, but we do not believe it was such a conclusion as to cross the line to become opinion. *See* 1 Stansbury's N.C. Evidence § 122 (Brandis rev. 1973).

[2] The defendant by his second assignment of error challenges the denial of his motions for a directed verdict, judgment notwithstanding the verdict, and a new trial. He contends the court was in error because there was not sufficient evidence that a brokerage contract existed between the plaintiff and the appellant. We believe the testimony of the plaintiff was specific that the defendant B. H. Oates, Jr. agreed to pay him a ten percent commission if he could sell the property on certain terms, and the plaintiff produced a buyer before the termination of the agency contract who agreed to buy on the terms specified by Mr. Oates. This assignment of error is overruled.

Defendant, by his last assignment of error, contends it was error for the court to charge the jury that if they were satisfied by the greater weight of the evidence that plaintiff had produced W. T. Williams before the brokerage contract was revoked as a buyer ready, willing, and able to buy the property in accordance with the terms imposed by the defendant, they would answer an issue favorably to the plaintiff. This assignment of error is overruled.

No error.

Chief Judge MORRIS and Judge WHICHARD concur.